## DETERMINATION AS TO WEIGHT OF THE EVIDENCE.

Circuit Court of Lorain County.

THE CLEVELAND ELECTRIC RAILWAY CO. v. MARGARET A. PIFER.

Decided, October 8, 1903.

*Number of Witnesses Does Not Determine Weight of Evidence.*

A judgment will not be set aside as being against the weight of the evidence in a case where the evidence is clearly contradictory and the jury must believe certain witnesses and disbelieve others, simply because it has believed the witnesses who were fewer in number; this is so especially when uncontradicted facts point toward the conclusion reached by the jury.

*Squire, Sanders & Dempsey, J. P. Dawley and E. G. & H. C. Johnson,* for plaintiff in error.

*C. S. Bentley* and *Willis Vickery,* contra.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Plaintiff in error has brought proceedings in error in this court to reverse a judgment for $4,000 recovered against it in the court below as damages sustained by the defendant in error by reason of the negligence of the plaintiff in error in so managing one of its cars upon which the defendant in error was a passenger, that, as she attempted to alight therefrom, it started suddenly and she was thrown to the ground, permanently injuring her right wrist, spine and nervous system.

The accident happened at the corner of Wilson avenue and Wilson place in the city of Cleveland.

It is claimed that the verdict of the jury upon which the judgment was rendered was contrary to the manifest weight of the evidence, and that the trial judge erred in his charge to the jury, and in refusing to charge as requested by plaintiff in error.

As to the weight of the evidence: The plaintiff below claimed and so testified, that after the car had stopped at Wilson place, and while she was attempting to alight therefrom, it started with a sudden jerk and threw her to the pavement.

She was corroborated in her statement by Professor Swanbeck, a fellow passenger, who got off the car at Wilson place just a moment before she was injured.

On the other hand the conductor and three other passengers, two of whom were seated in the car and one standing on the rear platform when the accident occurred, testified that she stepped from the car before it came to a full stop.

Evidently the jury believed the plaintiff's story. Its probability is materially strengthened by the position she was in on the pavement after she had fallen thereto.

The car was traveling north on Wilson avenue. All the witnesses who testified on the subject agree that she lay on the pavement with her feet to the north and head to the south. She fell, then, in the direction from which the car came. This would indicate that the car was jerked out from under her after it had come to a stop. Such movement would pull her feet out from under her and she would fall backward. Were the car in motion when she attempted to alight, the momentum of the car would carry the upper part of her body forward when her feet became stationary by reason of contact with the ground, and in such case she would fall with her head to the north. Considering the probabilities as to whether the car was stopped or in motion when defendant in error attempted to leave the car, as deduced from her position on the pavement after she fell, we can not say that the jury was not warranted in finding the issue on this point in her favor, notwithstanding twice as many witness testified in favor of the theory of the railway company as testified for Mrs. Pifer.

Whether the jury was also influenced in reaching its conclusions and in believing or disbelieving many or few of the witnesses produced before it by their appearance upon the stand and manner of giving testimony we can not know, and for this reason also, we are reluctant to disturb the verdict, notwithstanding the testimony is conflicting.

As to the charge and requests to charge: the charge substantially covered all the counsel for the railway company requested and was entitled to.

Indeed, the charge in some respects was more favorable to the railway company than it was entitled to, the court defining negligence as the want of ordinary care and so intimating that the railway company had not been negligent if, under the circumstances of the case, it had exercised ordinary care, while the law is, that common carriers, as to their passengers, are bound to exercise the highest degree of care.

It is claimed that the court erred in commenting as it did upon the weight to be given to the number of witnesses produced upon either side.    As before stated, witnesses for the railway company outnumbered the witnesses for the passenger two to one, and such benefit as the railway company should have obtained from this fact, it claims was destroyed by the following part of the charge:

"You are the sole judges of the weight to be given to the evidence and of the credibility to be given to the witnesses.    You have the right to believe or disbelieve any witness.    The weight of the testimony is not to be determined *necessarily* by the number of witnesses called on either side.    The question remains for you to determine without regard to the number of witnesses, where the real truth lies.    As you shall determine this question from the evidence under the rules given you, so should your verdict be."

While some sentences in this part of the charge taken alone are open to criticism, the whole was not misleading or prejudicial.

In any event, in this case, as the testimony was conflicting, the jury had to believe some of the witnesses and disbelieve some, and the probabilities of the case, deduced from uncontradicted facts, to which we have heretofore called attention, doubtless influenced the jury to believe those witnesses, though fewer in number whose story was in accord with such probabilities.

We find no error complained of which would warrant a reversal and the judgment is therefore affirmed.